**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES *ex rel.* DEBORAH SHELDON, | ) ) ) | |
| Plaintiff-Relator, | ) ) | |
| vs. | ) ) | Case No. 1:14-cv-02535-ELH |
| FOREST LABORATORIES, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

**DEFENDANT ALLERGAN SALES, LLC'S OPPOSITION TO RELATOR'S MOTION
TO REQUEST A STATUS CONFERENCE AND A SCHEDULING ORDER TO
COMMENCE DISCOVERY**

Defendant Allergan Sales, LLC ("Allergan")[1] submits this brief in opposition to Relator's

Motion to Request a Status Conference and a Scheduling Order to Commence Discovery [Dkt.

104]. For the reasons discussed below, Relator's request to begin discovery is premature. The

Court should instead set a briefing schedule for Allergan to file a new motion to dismiss in light

of an intervening change in the law.

As Relator's motion recites, Relator filed this *qui tam* action under the False Claims Act

("FCA") in 2014. Relator's Amended Complaint, filed in 2018, alleged that Allergan violated the

FCA by incorrectly reporting the "Best Price" for its drugs under Medicaid because Allergan did

not aggregate discounts it offered to separate entities involved in drug distribution and instead

reported the lowest price charged to a single customer.

This Court dismissed Relator's Amended Complaint under Federal Rule of Civil Procedure

12(b)(6) for failure to plausibly plead the FCA elements of falsity and scienter. Mem. Op. 31-42

---

[1] Pursuant to the Court's March 3, 2020 Order (Dkt. 75), Allergan Sales, LLC was substituted as the named defendant for Forest Pharmaceuticals, Inc. and Forest Laboratories, LLC.

(Feb. 5, 2021) [Dkt. 92].  After carefully examining the statute and applicable regulations and guidance, the Court concluded that "the plain and natural reading of the [Best Price] provision" is the one Allergan advocated and followed—that Best Price means the lowest price offered to an individual entity.  *Id.* at 36.  The Court further held that because Allergan's interpretation was, at a minimum, objectively reasonable, Relator failed to plausibly plead that Allergan's claims were false or that it acted with the requisite scienter.  *Id.* at 35-42.  Having concluded that Relator's Amended Complaint failed under Rule 12(b)(6), the Court did not reach the question of whether the Amended Complaint satisfied Rule 9(b)'s heightened particularity standard.  *Id.* at 43.

A Fourth Circuit panel affirmed on the basis that Relator failed to plausibly plead scienter because Allergan's interpretation of Best Price was objectively reasonable:  "The Rebate Statute most naturally reads as requiring drug manufacturers to give Medicaid the lowest price that was provided to any single purchaser.  This includes aggregating discounts to a single entity even if given at different points in time.  But the statute cannot be stretched beyond this singular point."  *United States ex rel. Sheldon v. Allergan Sales, LLC*, 24 F.4th 340, 352 (4th Cir. 2022).  The Fourth Circuit did not address this Court's falsity holding, nor did it consider the Rule 9(b) issue that this Court did not reach.  An equally divided *en banc* court later vacated the panel's opinion and affirmed this Court's judgment.  *United States ex rel. Sheldon v. Allergan Sales, LLC*, 49 F.4th 873 (4th Cir. 2022) (en banc).

Relator petitioned for a writ of certiorari.  On June 30, 2023, the Supreme Court granted the petition, vacated the Fourth Circuit's judgment, and remanded for further consideration in light of *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U.S. __ (2023).  The Fourth Circuit then remanded the case to this Court "for further consideration in light of [*Schutte*]."  Remand Order (Aug. 2, 2023) [Dkt. 100, 101].

Despite the Fourth Circuit's clear mandate, Relator does not ask this Court to revisit the sufficiency of her Amended Complaint in light of an intervening change in the law.  Instead, Relator seeks a ticket a discovery.  Relator's request is premature; discovery should not commence unless and until the Court concludes that Relator has pled an FCA claim with the plausibility and particularity required by the Federal Rules.

As discussed above, the Court dismissed the Amended Complaint on two independent grounds, holding that Relator failed to plead both scienter *and* falsity.  With respect to falsity, the Court did not decide whether Allergan's interpretation of Best Price was actually correct, holding under *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370 (4th Cir. 2008), that it was enough that Allergan's interpretation was not objectively false.  *Wilson* addressed falsity, not scienter, and remains good (and binding) law after *Schutte*.  The Court should therefore once again dismiss the Amended Complaint under *Wilson*.  Moreover, even if the Court were to revisit its objective falsity ruling, the Court then must decide what the Best Price statute actually requires—because if the statute does not require drug manufacturers to aggregate discounts, Relator cannot plausibly plead falsity.  The Fourth Circuit has strongly signaled its view on this statutory interpretation question.  *See Sheldon*, 24 F.4th at 351, 356 (reasoning that Allergan's interpretation was "not only objectively reasonable, but also the most natural" and "in fact the best interpretation"); *id.* at 352 (concluding that "the statute cannot be stretched" to encompass Relator's reading).

As to scienter, while *Schutte* rejected the "objective reasonableness" scienter standard applied by this Court (which Relator herself urged this Court to apply, *see* Dkt. 79 at 24), that does not mean, as Relator suggests, that her allegations necessarily are sufficient under *Schutte*.  Allergan should have the opportunity to brief, and the Court should have the opportunity to fully

consider, the adequacy of Relator's scienter allegations under the new standard adopted by the Supreme Court. Contrary to Relator's contention, her allegations are very different than those advanced by the plaintiffs in *Schutte*.

Finally, the Court previously did not reach Allergan's arguments for dismissal under Rule 9(b) because it was not necessary to do so. Were the Court now to conclude that Relator's Amended Complaint plausibly pleads falsity and scienter, it would then need to consider whether the complaint satisfies Rule 9(b). As this Court recognized, "Rule 9(b) requires the plaintiff to plead 'the who, what, when, where, and how of the alleged fraud' *before the parties can proceed to discovery*." Dkt. 92 at 23 (quoting *Wilson*, 525 F.3d at 379) (emphasis added); *see also U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 456 (4th Cir. 2013) ("[A] claim brought under the [FCA] that rests primarily on facts learned through the costly process of discovery is precisely what Rule 9(b) seeks to prevent." (internal quotation marks and citation omitted)).

Given these numerous unanswered questions regarding the sufficiency of the Amended Complaint, the Court should not permit Relator to proceed to discovery. Nor is a status conference necessary at this point. Rather, the Court should set a briefing schedule for Allergan to file a new motion to dismiss based on a change in the governing law. Allergan proposes the following schedule:

- Allergan files a motion to dismiss no later than 60 days after the Court's disposition of Relator's motion;

- Relator files an opposition no later than 60 days after Allergan's motion to dismiss is filed; and

- Allergan files a reply brief no later than 30 days after Relator's opposition is filed.

For all of these reasons, the Court should deny Relator's motion and issue an order setting the briefing schedule proposed above.

Respectfully submitted,

*/s/ Emily Reeder-Ricchetti*
Emily Reeder-Ricchetti (No. 20605)
Christian D. Sheehan (*pro hac vice*)
ARNOLD & PORTER
   KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-6000
(202) 942-5999 (facsimile)
emily.reeder-ricchetti@arnoldporter.com
christian.sheehan@arnoldporter.com

Michael A. Rogoff (*pro hac vice*)
Paula R. Ramer (*pro hac vice*)
ARNOLD & PORTER
   KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
(212) 836-8689 (facsimile)
michael.rogoff@arnoldporter.com
paula.ramer@arnoldporter.com

*Attorneys for Defendant Allergan Sales, LLC*

August 10, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of August, 2023, I caused the foregoing to be served by email through the Court's Electronic Case Filing system upon all attorneys of record.


/s/ *Emily Reeder-Ricchetti*
Emily Reeder-Ricchetti