# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DEBORAH SHELDON, as EXECUTRIX OF THE ESTATE OF RELATOR TROY SHELDON, | Case No. 1:14-cv-02535-ELH<br><br>(Judge Ellen L. Hollander) |
|         Plaintiff, | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REQUEST A STATUS CONFERENCE AND A SCHEDULING ORDER TO COMMENCE DISCOVERY** |
| -v- | |
| ALLERGAN SALES, LLC | |
|         Defendant | |

Plaintiff Deborah Sheldon as Executrix of the Estate of Relator Troy Sheldon (Ms. Sheldon"), submits this reply memorandum in further support of its Motion to Request a Status Conference and a Scheduling Order to Commence Discovery (Dkt. 104). In reply to Defendant's Opposition (Dkt. 105) and in advance of the August 30, 2023 telephone conference (Dkt. 106), Plaintiff wants to emphasize four brief points.

First, the defense bar's national strategy in response to the unanimous ruling of the Supreme Court in *United States ex rel. Schutte, et al. v. Supervalu Inc.*, et al., 598 U.S. ____, 143, S. Ct. 1391 (2023) is to now ignore scienter entirely and attempt to focus on falsity alone – which is nothing more than the rejected "objectively reasonable" standard by another name in a different category. Defendant asks the Court for more motion to dismiss briefing because the Court "must decide what the Best Price statute actually requires – because if the statute does not require drug manufacturers to aggregate discounts, Relator cannot plausibly plead falsity." (Dkt. 105 at 3). Defendant's request ignores the obvious question that the unanimous Supreme Court in *Schutte* determined was critical to False Claims Act liability – what did the Defendant believe that the Best

Price statute required aggregation?   And did the Defendant believe that its claims were false at the time the claims were made?  As the Supreme Court in *Schutte* concluded:

> **Under the FCA, petitioner may establish scienter by showing that respondents (1) actually knew that their reported prices were not their "usual and customary" prices when they reported those prices; (2) were aware of a substantial risk that their higher, retail prices were not their "usual and customary" prices and intentionally avoided learning whether their reports were accurate, or (3) were aware of such a substantial and unjustifiable risk but submitted claims anyway.  §3729.(b)(1)(A).**  If petitioners can make that showing, then it does not matter whether some other, objectively reasonable interpretation of "usual and customary" would point to respondents' higher prices.  For scienter, if it is enough if respondents believed that their claims were not accurate.

*Schutte*, 598 U.S. at ___, 143 S. Ct. at 1399, 1404 (emphasis added).  This is a factual inquiry that cannot be addressed at the motion to dismiss stage.  Undaunted, Defendant wants to substitute "objectively reasonable interpretation" with "must decide what the Best Price statute actually requires" and asks the Court to decide the case in a motion to dismiss framework without any factual record on scienter or falsity.  Defendant wants the Court to rule that its claims cannot be false as a matter of law regardless of whether it internally believed at the time the claims were made, or had reason to believe, that its claims to the Government were actually false.  If this sounds familiar, it should be – because this is the same argument that the Supreme Court rejected. Scienter and falsity are indeed two separate inquiries.   In this context, falsity, like scienter, is a mixed question of law and fact that cannot be decided at the motion to dismiss stage, so further briefing is not helpful and will not avoid fact discovery.

Second, this Court ruled that there was "some ambiguity" in the Best Price Statute when it adopted the "objectively reasonable" standard.  With the rejection of the "objectively reasonable" standard, the "some ambiguity" in the best Price Statute does not change with further motion to dismiss briefing.  Regardless what the Court determines that the Best Price Statute requires, the

Court does not have any factual evidence of what the Defendant actually did.  Whether the statute is ambiguous or unambiguous, scienter and falsity are mixed questions of law and fact – especially if the Best Price Statute has "some ambiguity."  Moreover and respectfully, during the pendency of the appeal in this case, CMS announced a proposed rule on May 26, 2023 that explicitly addressed not only this case by name but reaffirmed for every drug manufacturer that the Best Price Statute and Rebate Agreement requires aggregation (Dkt. 104 at 4 n.20) and further briefing on the issue should not delay fact discovery at this time.

Third, Plaintiff acknowledges that the Court did not formally reach and rule on the Rule 9(b) argument in its November 6, 2020 Memorandum Opinion – but the Court's Rule 9(b) analysis was clear:

> [B]y its plain text, Rule 9(b) permits general averment of aspects of fraud that relate to a defendant's state of mind. "A court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery of those facts.  Moreover, Rule 9(b) is less strictly applied with respect to claims of fraud by concealment or omission of material facts, as opposed to affirmative misrepresentations, because an omission cannot be described in terms of place, contents of the misrepresentation or the identify of the person making the misrepresentation.

(Dkt. 86 at p. 24) (internal citations omitted).  Plaintiff's Amended Complaint is 184 pages with 879 numbered paragraphs.  No further briefing will change the fact that this Amended Complaint meets the requirements of Rule 9(b), as outlined above, and adequately pleads the essential elements of False Claims Act claims, including scienter and falsity.  Further motion to dismiss briefing will not change the inevitable need for fact discovery and should not further delay fact discovery.

Finally, this case has been pending since 2014.  Defendant has not responded to a single interrogatory; formally produced a single document; or produced a single witness for deposition

to answer any questions about scienter, falsity, business practices, or the hundreds of millions dollars of claims made to the Government as alleged in the Amended Complaint. Plaintiff believes that discovery should commence before the case has pended for a decade.

Plaintiff appreciates the scheduling of the August 30, 2023 telephone conference. For the foregoing reasons, and the reasons more fully explained in Plaintiffs' motion and memorandum in support, Plaintiffs respectfully request that the Court issue a scheduling order allowing the parties to commence discovery.

August 24, 2023                                    Respectfully submitted,

                                                   */s/ Joel D. Hesch*
                                                   Joel D. Hesch, Esq. (Md. Bar 1988; D. Md. 06350)
                                                   THE HESCH FIRM, LLC
                                                   3540 Ridgecroft Dr.
                                                   Lynchburg, VA 24503
                                                   Phone: (434) 229-8677
                                                   Email: joel@howtoreportfraud.com

                                                   Joseph M. Callow, Jr. (Ohio Bar No. 0061814)
                                                   Gregory M. Utter (Ohio Bar No. 0032528)
                                                   CALLOW & UTTER LLC
                                                   8044 Montgomery Road, Suite 170
                                                   Cincinnati, Ohio 45236
                                                   Phone: (513) 378-0141
                                                   jcallow@callowandutter.com
                                                   gmutter@callowandutter.com

                                                   *Attorneys for Deborah Sheldon, as Executrix of the
                                                   Estate of Relator Troy Sheldon*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed using the Court's ECF system on this August 24, 2023. Parties will receive notice through the ECF system.

                                                   */s/ Joel D. Hesch*
                                                   Joel D. Hesch

4